IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRY and JUDITH STRATTON, MATTHEW and JENNIFER COPTHORNE, TRINA LITTLE, MARIA GREGGIO and RAYMOND BARBOSA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>ONEWEST BANK, FSB,<br><br>Defendant. | No. 1:13-cv-2048<br><br>Judge: Hon. Sharon Johnson Coleman |

**PLAINTIFFS' RESPONSE TO DEFENDANT ONEWEST BANK, FSB'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

TO THE CLERK OF THIS COURT AND TO ALL PARTIES OF RECORD:

Plaintiffs Harry and Judith Stratton, Matthew and Jennifer Copthorne, Trina Little, Maria Greggio and Raymond Barbosa ("Plaintiffs"), respectfully submit this response to defendant OneWest Bank, FSB's ("OneWest" or "Defendant") Notice of Supplemental Authority in support of its pending Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

On September 17, 2013, Defendant submitted a recent decision by the Honorable G. Patrick Murphy of the United States District Court for the Southern District of Illinois. *See Mumma v. Wells Fargo Home Mortg.* No. 12-1073-GPM, 2013 WL 4761118 (S.D. Ill. Sept 4, 2013). In *Mumma*, the plaintiff had difficulty making his mortgage payments and entered into a Home Affordable Modification Trial Plan with defendant Wells Fargo Bank N.A., his mortgage servicer. *Id*. at *1. For many months during and after the trial period, the plaintiff was given the run around by Wells Fargo, despite making all of his required payments and submitting all

requested financial information. *Id*. While the plaintiff was communicating with Wells Fargo regarding his application for a permanent loan modification, the defendant proceeded to foreclose on the plaintiff's home. *Id*. The St. Clair County Court handling the foreclosure proceeding granted the defendant's motion for summary judgment and the plaintiff's home was sold in an auction in January 2011. *Id*.

After he lost his home to foreclosure, in August 2012, the plaintiff commenced an action in St. Clair County in Illinois, which was later removed to the Southern District of Illinois pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332(a). *Id*. Among other things, in his complaint, the plaintiff sought relief to quiet title. *Id*. Wells Fargo argued that the plaintiff's complaint was barred by res judicata because he had already litigated his *identical* claims in the foreclosure action. *Id*. at *1-2; *see* also *Mumma* Dkt. 10 (November 12, 2012 Memorandum in Support of Wells Fargo's Motion to Dismiss at p. 1-2, 6, 8) ("Plaintiff defended against Wells Fargo's state-court foreclosure suit by making the same allegation he makes here: that Wells Fargo breached Plaintiff's TPP by declining to modify his loan. However, the state court granted Wells Fargo a final judgment of foreclosure and approved the foreclosure sale. Res judicata bars Plaintiff from using this lawsuit to relitigate his claims all over again.").

In dismissing the plaintiff's claim, Judge Murphy invoked the *Rooker-Feldman* doctrine and determined that the Court lacked subject matter jurisdiction:

> Where Plaintiff seeks specific performance of the alleged contract for loan modification and quiet title, he is unequivocally seeking the same relief denied by the state court. This Court under *Rooker-Feldman*, clearly has no subject matter jurisdiction over those claims.

*Id*. at *3.

The facts presented in *Mumma* are distinguishable from the facts alleged by the Plaintiffs in this case. As explained in Plaintiffs' opposition briefing, Ms. Little and Mr. and Mrs.

2

Copthorne are not (i) contesting the mortgage loan documents that were the subject of the state court action and judgment; (ii) attempting to challenge or overturn the final judgments in the state court foreclosure proceedings; or (iii) seeking the remedy of invalidating the foreclosure and sale of their homes. Unlike *Mumma*, where the plaintiff was relitigating the *same* issues that were the subject of his foreclosure proceedings, this lawsuit focuses on new claims of breach of contract, promissory estoppel and violations of the Equal Credit Opportunity Act, 15 U.S.C. §§1691, *et seq*. Plaintiffs' claims in this case were never raised or litigated in the foreclosure proceedings and were unquestionably never remedied by the state courts as part of the final foreclosure judgments. Because Plaintiffs' claims in this case are independent from the issues in the state court judgments in the foreclosure actions, the *Rooker-Feldman* doctrine and the holding in *Mumma*, should not apply to this lawsuit.

In addition to Plaintiffs' response to OneWest's Notice of Supplemental Authority, Plaintiffs hereby respectively submit additional supplemental authority supporting their opposition to Defendant's pending motion to dismiss. Recently in *Corvello v. Wells Fargo Bank, NA*, 11-16234, 11-16242, 2013 WL 4017279 (9th Cir. Aug. 8, 2013) (attached hereto as Ex. A), the Ninth Circuit reversed the lower Court's dismissal of two consolidated class action complaints, holding that if a borrower complies with a standardized Home Affordable Modification Program ("HAMP") trial period plan, the mortgage servicer is contractually required to either offer a permanent modification or promptly notify the borrower, in writing, that he or she does not qualify.

In aligning with the Seventh Circuit's decision in *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547 (7th Cir. 2012), the Ninth Circuit rejected Wells Fargo's argument that the promise to provide a permanent modification is not enforceable where a fully-executed modification may

3

not have been delivered. *Corvello,* 2013 WL 4017279 at *4. That exact argument was made by OneWest in its motion to dismiss. *See* Dkt. 12 at p. 13-15. Citing *Wigod*, the Ninth Circuit recognized that banks are "required to offer permanent modifications to borrowers who completed their obligations under the TPPs, unless the banks timely notified those borrowers that they did not qualify for a HAMP modification." *Corvello,* 2013 WL 4017279 at *4. In reversing the district Court, the Ninth Circuit held in relevant part:

> Wells Fargo's interpretation of the TPP was suspect because it allowed banks to avoid their obligations to borrowers merely by choosing not to send a signed Modification Agreement, even though the borrowers made both accurate representations and the required payments. As the Seventh Circuit put it, Wells Fargo's interpretation would allow it to "simply refuse to send the Modification Agreement for any reason whatsoever—interest rates went up, the economy soured, it just didn't like [the Borrower]—and there would still be no breach ... turn[ing] an otherwise straightforward offer into an illusion." *Wigod*, 673 F.3d at 563
>
> We believe the reasoning in *Wigod* is sound. Paragraph 2G cannot convert a purported agreement setting forth clear obligations into a decision left to the unfettered discretion of the loan servicer. The more natural and fair interpretation of the TPP is that the servicer must send a signed Modification Agreement offering to modify the loan once borrowers meet their end of the bargain.
>
> ***
>
> Wells Fargo's own failure to fulfill the notification obligation does not deprive plaintiffs of the benefits of their agreement.

*Corvello*, 2013 WL 4017279 at *5-6.

Based on the foregoing, and for all reasons set forth in Plaintiffs' previous opposition briefing, Plaintiffs respectfully requests that this Court deny the three motions filed by OneWest and permit this case to proceed.

4

Dated: September 20, 2013

        Respectfully submitted,

        EDELSON, LLC


        By: <u>/s/ Alicia E. Hwang</u>
        Alicia E. Hwang
        EDELSON LLC
        350 N. LaSalle Avenue, Suite 1300
        Chicago, Illinois 60654
        Tel: 312-589-6370
        Fax: 312-589-6378

        ABBEY SPANIER, LLP
        Karin E. Fisch
        Richard B. Margolies
        212 East 39th Street
        New York, NY 10016
        Tel: 212-889-3700
        Fax: 212-684-5191

        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Alicia E. Hwang, an attorney, hereby certify that on September 20, 2013, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT ONEWEST BANK, FSB'S NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

    /s/ Alicia E. Hwang