IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARRY and JUDITH STRATTON, MATTHEW and JENNIFER COPTHORNE, TRINA LITTLE, MARIA GREGGIO and RAYMOND BARBOSA, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>ONEWEST BANK, FSB,<br><br>                Defendant. | No. 1:13-cv-2048<br><br>Judge: Hon. Sharon Johnson Coleman |

**JOINT REASSIGNMENT STATUS REPORT**

Plaintiffs Harry and Judith Stratton, Matthew and Jennifer Copthorne, Trina Little, Maria Greggio, and Raymond Barbosa (collectively, "Plaintiffs") and Defendant OneWest Bank N.A. (formerly known as OneWest Bank, FSB) ("OneWest") through their respective counsel jointly submit this Reassignment Status Report.

**1.    Nature of the Case**

    a.    *Identify the attorneys of record for each party.*

For plaintiffs: Jay Edelson, Steven L. Woodrow, and Alicia E. Hwang of Edelson PC and Karin E. Fisch of Abbey Spanier, LLP.

For OneWest: Robert J. Emanuel and Matthew M. Kovalcik of Much Shelist, PC and Rik Tozzi of Burr Forman LLP.

    b.    *State the basis for federal jurisdiction.*

This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiffs assert a claim under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.*,

("ECOA") and supplemental jurisdiction over plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same operative facts as the ECOA claim. This Court independently has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) because plaintiffs have put more than $5,000,000 in controversy and purport to bring their claims on behalf of a putative nationwide class, which contains more than 100 persons and class members who are citizens of a state different from OneWest, a California citizen.

    c.    *Generally describe the nature of the claims asserted in the complaint and any counterclaims.*

The seven named plaintiffs each allege that they entered trial period plans ("TPPs") under the Home Affordable Modification Program ("HAMP") in connection with their five mortgage loans, but that they did not receive a notification that their HAMP applications were denied within three months of beginning the trial plan, as plaintiffs contend the terms of their respective TPPs required. The Strattons were subsequently offered a permanent non-HAMP loan modification, which they accepted. Mr. Barbosa was also offered a permanent non-HAMP modification, which he refused. The Copthornes' and Ms. Little's properties were sold pursuant to state-court foreclosure judgments, while Mr. Barbosa's and Ms. Greggio's properties are subject to ongoing state-court foreclosure proceedings. All seven plaintiffs assert an ECOA claim and common-law claims for breach of contract and promissory estoppel. In addition, Ms. Greggio and Mr. Barbosa assert a claim under the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*, and the Strattons assert a claim under the Oregon Unlawful Trade Practices Act, O.R.S. 646.605 *et seq.* No counterclaims have been alleged.

    d.    *Describe the relief sought by the claims and counterclaims.*

Plaintiffs seek relief for themselves and the putative class in the form of (1) actual and

compensatory damages; (2) specific performance; (3) equitable relief, including an order requiring OneWest "to extend Plaintiffs and Class Members offers for permanent loan modifications or otherwise respond to homeowners"; (4) injunctive relief, including an order enjoining OneWest from engaging in "deceptive and unfair business practices," and an order enjoining OneWest from "initiating or proceeding with any foreclosure proceeding without first fairly and accurately determining whether the borrower named in the foreclosure proceeding is eligible for a HAMP or other modification"; (5) punitive damages; and (6) an award of reasonable attorneys' fees and costs.

  e. *List the names of any parties who have not been served.*

All parties have been served.

**2.** **Prior History, Discovery, and Motions**

  a. *Describe all substantive rulings that have been issued in the case.*

No substantive rulings have been issued in this case.

  b. *Describe any discovery that has been taken, any discovery that remains to be taken, and any discovery schedules that have been set.*

No discovery has been served or provided by any of the parties and no discovery schedule has been set. The parties request that the case remain stayed, including a stay of discovery, during settlement negotiations.

  c. *Describe all pending motions, including the date the motion was filed and the briefing schedule.*

There are no motions currently pending. On March 13, 2014, in light of ongoing settlement discussions, the court struck OneWest's three pending motions, which by that time had been fully briefed, without prejudice. (Dkt. No. 50.) On April 25, 2013, OneWest had filed a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6), a motion to sever claims and to drop the out-of-state plaintiffs—the Strattons, the Copthornes, and Ms. Little—pursuant to

Fed. R. Civ. P. 21, and a motion to stay Ms. Greggio and Mr. Barbosa's claims in favor of pending state-court foreclosure proceedings pursuant to the *Colorado River* doctrine. (Dkt. Nos. 11, 13, 15.)

    d.    *Describe all anticipated motions.*

The parties anticipate that a non-class settlement will resolve this matter in its entirety. Should settlement discussions prove unsuccessful, the parties anticipate that OneWest will re-file its motion to dismiss, motion to sever and drop the out-of-state plaintiffs, and its motion to stay Ms. Greggio and Mr. Barbosa's claims in favor of state-court foreclosure proceedings pursuant to the *Colorado River* doctrine. To the extent any of plaintiffs' claims survive dismissal, it is stipulated that OneWest will seek leave to file summary judgment motions prior to the court considering class certification. In whatever order the court ultimately takes up issues, plaintiffs will oppose summary judgment and seek to certify a class. OneWest will oppose class certification.

**3.**    **Trial**

    a.    *State whether a jury trial is requested.*

Yes.

    b.    *Identify any trial dates previously set, or the earliest date the parties will be ready for trial.*

As the parties are engaged in settlement discussions, no date for trial has been discussed.

    c.    *State the probable length of trial.*

The parties anticipate that individual settlements will resolve this matter in its entirety. Should settlement negotiations prove unsuccessful, it would be impossible to accurately predict the length of any trial in this action until it is known whether the five out-of-state plaintiffs—the

Strattons, the Copthornes, and Ms. Little—will remain in this action, and whether any such trial would be of individual claims only or of class claims.

    d.    *State whether a final pretrial order has been filed, or any deadline for filing a pretrial order.*

No deadline for filing a pretrial order has been set.

**4.    Referrals and Settlement**

    a.    *State whether the case has been referred to the Magistrate Judge for discovery supervision or a settlement conference.*

The parties did not consent to proceed before a Magistrate Judge, and thus no referral has taken place.

    b.    *Describe the status of settlement discussions.*

The parties continue to diligently work to negotiate the terms of a potential non-class settlement of plaintiffs' claims, which would dispose of this action in its entirety. The settlement may include loan modifications for two of the named plaintiffs, Ms. Greggio and Mr. Barbosa. Counsel have worked together to gather the necessary financial information to provide to the current loan servicer, which is not OneWest, to determine whether Ms. Greggio and Mr. Barbosa are eligible for a loan modification under applicable investor guidelines. Counsel are also discussing settlement of the claims asserted by the remaining named plaintiffs, the Strattons, the Copthornes, and Ms. Little, on terms that will not involve a loan modification.

    c.    *State whether the parties request a settlement conference.*

The parties do not request a settlement conference at this point in the proceedings, but may request one at a future date.

    d.    *State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.*

The parties do not consent to proceed before a Magistrate Judge.

Dated: July 14, 2014

Respectfully submitted,

| BURR FORMAN LLP | EDELSON PC |
|---|---|
| /s/ Rik S. Tozzi | /s/ Alicia E. Hwang |
| Burr Forman LLP | Jay Edelson |
| 420 N. 20th Street | Steven L. Woodrow |
| Suite 3400 | Alicia E. Hwang |
| Birmingham, AL 35203 | 350 N. LaSalle Street, Suite 1300 |
| T: (205) 251-3000 | Chicago, Illinois 60654 |
| F: (205) 278-6948 | T: (312) 589-6370 |
| | F: (312) 589-6378 |
| MUCH SHELIST, P.C. | ABBEY SPANIER, LLP |
| Robert J. Emanuel | Karin E. Fisch |
| Matthew M. Kovalcik | 212 East 39th Street |
| Much Shelist, P.C. | New York, NY 10016 |
| 191 N. Wacker Drive, Suite 1800 | T: (212) 889-3700 |
| Chicago, IL 60606 | F: (212) 684-5191 |
| T: (312) 521-2000 | |
| F: (312) 521-2555 | *Counsel for Plaintiffs* |
| *Counsel for Defendant* | |

## CERTIFICATE OF SERVICE

      I, Robert J. Emanuel, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants by first-class mail, postage prepaid, on July 14, 2014.

                                                */s/ Rik S. Tozzi*